IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY,<br>    ID # 645333,<br>         Petitioner,<br>vs.<br><br>COURT OF CRIMINAL APPEALS, et al.,<br>         Respondents. | No. 3:18-CV-144-C (BH)<br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **REOPENED**, and the petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as successive.

### I. BACKGROUND

Michael Dewayne Whaley (Petitioner) was convicted of aggravated robbery in Cause Nos. F91-45041 and F93-01488 and engaging in organized criminal activity in Cause No. F92-36477 in Dallas County, Texas, on June 9, 1993, and he was sentenced to 40 years' imprisonment in each case.  (*See* doc. 3 at 2[1]); *see also* https://offender.tdcj.texas.gov/offendersearch (search for petitioner).  The judgments were affirmed on appeal. *See Whaley v State*, Nos. 11-93-127-CR, 11-93-128-CR, 11-93-129-CR. 11-93-130-CR (Tex. App. – Eastland Dec. 9, 1993, no pet.)  He unsuccessfully challenged those convictions through a federal habeas petition that was dismissed as barred by the statute of limitations on September 24, 1999. *See Whaley v. Johnson*, No. 3:97-CV-2760-D (N.D. Tex. Sept. 24, 1999).  Because of multiple challenges to the same state convictions,

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the Fifth Circuit Court of Appeals sanctioned Petitioner $150 and barred him from filing "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

Petitioner subsequently filed a civil action under 42 U.S.C. § 1983 against several defendants based on their roles in his prosecution, conviction, appellate review, and incarceration in Cause Nos. 91-45041, 92-36477, 92-36482, and 93-01488. (*See* 3:16-CV-3281-C, docs. 2, 15.) His claims were dismissed as frivolous by judgment dated September 5, 2017. (*See id.*, doc. 20.) He then filed a post-judgment *Motion for Released [sic] on Parole,* received on January 11, 2018, which contended that there was no evidence to support his convictions, asked that the state court judgments be set aside, and sought his release pending an evidentiary hearing. (*See id.*, doc. 31.) The filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See id.*, doc. 39.) This new habeas case was opened, the petition was filed in it, and then the case was administratively closed for failure to comply with the Fifth Circuit's sanction order. (*See* docs. 4, 5.)

On October 30, 2018, the Fifth Circuit Court of Appeals notified this court that the petitioner has satisfied the sanction in No. 11-10180. (*See* doc. 17.) Based on the payment of the sanction, this habeas case should now be reopened.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

2

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition

---

[2] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

## III.  RECOMMENDATION

Because Petitioner has paid the monetary sanction, this case should be **REOPENED**, and the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED on this 5th day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE